Filed 12/11/20  P. v. Parra CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO ARGENIS PARRA,<br><br>     Defendant and Appellant. | B299312<br>(Los Angeles County<br>Super. Ct. No.  VA114995) |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Reversed and Remanded.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Thomas C.

Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

**INTRODUCTION**

In 2014, a jury convicted appellant Francisco Argenis Parra of first-degree murder, among other offenses, and found a robbery-murder special-circumstance allegation to be true. The trial court sentenced appellant to life without the possibility of parole, plus 40 years. In 2019, defendant filed a petition for relief under Penal Code section 1170.95, which provides that persons convicted under theories of felony murder or murder under the natural and probable consequences doctrine, and who could no longer be convicted of murder following the enactment of Senate Bill No. 1437 (SB 1437), may petition the sentencing court to vacate the conviction and resentence on any remaining counts.[1] (Stats. 2018, ch. 1015, § 1, subd. (f).)

The superior court summarily denied appellant's petition after reviewing the transcript of his preliminary hearing. Based on the preliminary-hearing testimony, the court found that appellant had been a major participant in the underlying felonies (robbery and burglary), who acted with reckless indifference to life. It therefore concluded he was ineligible for relief as a matter of law.

_____

[1]     Undesignated statutory provisions are to the Penal Code.

2

Appellant challenges the superior court's ruling on appeal, arguing the court erred by relying solely on the preliminary-hearing transcript to deny relief, without allowing him to respond. He claims he has made a prima facie showing that he is eligible for relief. The Attorney General concedes that the court erred in relying on the preliminary hearing transcript, but claims appellant is nevertheless ineligible for relief as a matter of law based on either the jury's robbery-murder special circumstance finding or the trial evidence. As appellant notes, however, that finding predated our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the law regarding major participants in an underlying offense who act with reckless indifference to life. In *People v. Torres* (2020) 46 Cal.App.5th 1168, 1173 (*Torres*), review granted June 24, 2020, S262011, our colleagues in Division Five held that a trial court commits reversible error by summarily denying a section 1170.95 petition based on the jury's robbery-murder special circumstance finding that predates *Banks* and *Clark*. Consistent with our prior decisions on the issue, we reverse the superior court's order in light of *Torres*, and remand for further proceedings under section 1170.95.

In 2012, the Los Angeles District Attorney's office charged appellant and his co-defendants, Hector Aguilar Arciga and Pedro Huerta Zuniga, with the April 2009 murder of Carlos Zarate (§ 187, subd. (a)), the attempted murder of Manuel Rojas (§§ 664/187, subd. (a)), assault with a deadly weapon of Rojas (§ 245, subd. (b)), home invasion robbery of Zarate, Rojas, Jesus Vasquez, and Martha Gutierrez (§ 211), and first degree burglary (§ 459). As relevant here, the information also alleged: that the murder was perpetrated in the commission of a robbery and a burglary (§ 190.2, subd. (a)(17)); that appellant personally used a firearm in the commission of some of the charged offenses (§ 12022.5, subd. (a); § 12022.53, subd. (b)); and that he personally and intentionally discharged a firearm and caused great bodily injury or death in the commission of some of the charged offenses (§ 12022.53, subd. (d)).

At appellant's 2014 trial, the People presented evidence that he and his codefendants had a scheme to rob drug dealers: after gaining a drug dealer's trust by making an initial small purchase, they would set up a larger drug purchase, during which they would rob the drug dealer of money and drugs. (*Arciga, supra*, 2016 Cal.App.Unpub. LEXIS 1339, at *4-*5.) In this case, the second-purchase

---

[2]    We have granted respondent's request to take judicial notice of the appellate record in appellant's prior appeal (*People v. Arciga et al.* (Feb. 25, 2016, No. B258201) 2016 Cal. App.Unpub. LEXIS 1339 (*Arciga*)).

4

robbery triggered a confrontation that resulted in Zarate's killing and Rojas's injury. (*Id.* at *4-*10.)

At the conclusion of trial, the court instructed the jury as to the robbery-murder special-circumstance allegation under CALJIC No. 8.80.1: "If you find that a defendant was not the actual killer . . . , you cannot find the special circumstance to be true . . . unless you are satisfied beyond a reasonable doubt that such defendant[,] with the intent to kill[,] aided . . . any actor in the commission of . . . murder in the first degree, or with reckless indifference to human life and as a major participant, aided . . . the commission of . . . Robbery or Burglary[,] which resulted in the death of a human being . . . ."

The jury found appellant guilty as charged. It further found that appellant personally used a firearm in the commission of the relevant offenses under section 12022.53, subdivision (b). The jury reached no verdict on the allegations that appellant personally discharged a firearm, causing great bodily injury or death under section 12022.53, subdivision (d). The trial court sentenced appellant to life without the possibility of parole, plus 40 years in prison. We affirmed the judgment in an unpublished opinion. (*Arciga, supra,* 2016 Cal.App.Unpub. LEXIS 1339, at *33)

In 2019, appellant filed a petition under section 1170.95 to vacate his murder conviction, alleging he was convicted of murder under the felony-murder rule, and claiming he could not be convicted of that offense following SB 1437's enactment. He requested the appointment of counsel.

5

The superior court summarily denied the petition in a minute order: "The court has reviewed the petition and preliminary hearing transcript: The evidence clearly demonstrate[d] the petitioner was a major participant in the robbery. He was not the shooter, but he was armed, displayed the gun during the robbery and the personal use of a firearm was found true. He actually struck one of the victims over the head with the gun." Appellant timely appealed.

## DISCUSSION
### A. *SB 1437's Limitation of Accomplice Liability for Murder and Petitions for Relief under Section 1170.95*

The Legislature enacted SB 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) SB 1437 amended section 189 to provide that a participant in qualifying felonies during which a death occurs generally will not be liable for murder unless that person was (1) the actual killer, (2) a direct aider and abettor in first degree murder, acting with the intent to kill, or (3) a major participant in certain underlying felonies, acting with reckless indifference

6

to human life.[3]  (§ 189, subd. (e).)  SB 1437 further amended section 188's definition of malice for purposes of murder to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)

SB 1437 also added section 1170.95 to the Penal Code. This section permits individuals who were convicted of felony murder or murder under a natural and probable consequences theory, and who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts.  (§ 1170.95, subd. (a).)  A petition for relief under section 1170.95 must include a declaration by the petitioner that he is eligible for relief based on the requirements of subdivision (a), certain procedural information, and any request for appointment of counsel. (§ 1170.95, subd. (b)(1).)

If the petition includes the required information, subdivision (c) of section 1170.95, prescribes "a two-step process" for the court to determine if it should issue an order to show cause.  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 327 (*Verdugo*), review granted March 18, 2020, S260493.) The court first "review[s] the petition and determine[s] if the

---

[3]     This limitation does not apply "when the victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties."  (§ 189, subd. (f).)

petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) It then appoints counsel, if requested, and reviews the petition a second time after briefing by the parties to determine if the petitioner has established a prima facie case for relief. (*Ibid.*; see *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140, review granted March 18, 2020, S260598.) If the court concludes the petitioner has made a prima facie showing, it must issue an order to show cause. (§ 1170.95, subd. (c); *Verdugo, supra,* at 328.)

"Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts." (*Verdugo, supra,* 44 Cal.App.5th at 327, rev.gr., citing § 1170.95, subd. (d)(1).) The parties may rely on the record of conviction or present "new or additional evidence" to support their positions. (§ 1170.95, subd. (d)(3).)

**B.** *Analysis*

Appellant challenges the superior court's summary denial of his petition, arguing that he has made a prima facie showing of entitlement to relief under section 1170.95, and that the court erred by relying solely on the preliminary hearing transcript to deny relief, without allowing him to respond. We review de novo the court's conclusion that appellant was ineligible for relief as a matter of law. (*People*

8

*v. Murillo* (2020) 54 Cal.App.5th 160, 167, review granted November 18, 2020, S264978.)

The Attorney General concedes that the superior court erred by relying on a preliminary hearing transcript in concluding that appellant was ineligible for relief as a matter of law.  The Attorney General argues, however, that the superior court's ruling was nevertheless correct based on either the jury's special-circumstances finding or the trial evidence.  We disagree.

The jury's 2014 robbery-murder special circumstance finding alone did not render defendant ineligible for relief as a matter of law.  Subdivision (e) of section 189 now provides that participation in an enumerated felony in which a death occurs renders a person liable for murder only if the person was (1) the actual killer; (2) an aider and abettor acting with the intent to kill; or (3) "a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."  Section 190.2, subdivision (d), in turn, describes a person "who, with reckless indifference to human life and as a major participant, aids, abets . . . or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons . . . ."  Section 190.2, subdivision (a)(17), lists both robbery and burglary as qualifying felonies.

The special-circumstance finding in this case indicates the jury found that appellant was, at the least, a major participant in the robbery or burglary acting with reckless

9

indifference to human life. However, because the jury rendered its verdict in 2014, before our Supreme Court's decisions in *Banks* and *Clark*, this finding does not preclude appellant from showing that he could not be convicted of murder following the enactment of SB 1437. (*Torres*, *supra*, 46 Cal.App.5th at 1179, rev.gr.) In *Torres*, the court explained: "[O]ur Supreme Court's decisions, clarifying what it means . . . to be a 'major participant' in an underlying felony and to act with 'reckless indifference to human life,' construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*Ibid.*) Thus, when determining if appellant "could be convicted today of first degree murder, we cannot simply defer to the jury's pre-*Banks* and *Clark* factual findings that [he] was a major participant who acted with reckless indifference to human life as those terms were interpreted at the time." (*Ibid.* [petitioner's claim that evidence presented against him failed to support robbery-murder special circumstance after *Banks* and *Clark* requires resolution of whether facts "are legally sufficient in light of *Banks* and *Clark*"]; accord, *In re Miller* (2017) 14 Cal.App.5th 960, 979-980.)

The Attorney General argues *Torres* was wrongly decided and urges us to follow *People v. Gomez* (2020) 52 Cal.App.5th 1 (*Gomez*). In *Gomez*, the petitioner appealed from the summary denial of her section 1170.95 petition and argued there was insufficient evidence to support the jury's pre-*Banks* and *Clark* kidnapping and robbery special

10

circumstance findings.  (*Gomez, supra*, at 13.)  In rejecting the contention, the Court of Appeal noted that it had already upheld the special circumstance findings in a prior appeal from the judgment.  (*Id.* at 16-17.)  It also held that "the proper procedure for [the petitioner] to challenge her special circumstance findings based on clarification of the relevant law in *Banks* and *Clark* is to bring a petition for habeas corpus . . . ."  (*Id.* at 17.)

More recently, our colleagues in Division One disagreed with *Torres*, though the court did not "necessarily agree with all the reasoning in *Gomez* . . . ."  (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142 (*Galvan*), review granted October 14, 2020, S264284.)  Under *Galvan*, defendants like appellant would not be entitled to relief under the plain language of section 1170.95, because the present inability to convict them of murder was not "'because of changes'" made by SB 1437 (see § 1170.95, subd. (a)(3) [petitioner entitled to relief because he "'could not be convicted of . . . murder because of changes to Section[s] 188 or 189 made effective" January 1, 2019]), but because of the "clarification of the requirements for the special circumstance finding in *Banks* and *Clark*" (*Galvan, supra*, at 1142).  The *Galvan* court agreed with *Gomez* that petitions under section 1170.95 are not "proper vehicle[s]" for challenging a special-circumstance finding. (*Galvan*, at 1141.)

Mindful of the conflicting caselaw, we continue to follow *Torres*.  Appellant's section 1170.95 petition seeks to have his "murder conviction vacated and to be resentenced" on any

11

remaining counts. (§ 1170.95, subd. (a); see *People v. York* (2020) 54 Cal.App.5th 250, 260 ["[o]ur analyses in *Torres* and [*People v.*] *Smith* [(2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835,] recognized that section 1170.95 permits a petitioner to challenge a murder conviction"(italics omitted)].) Because a petitioner's entitlement to section 1170.95 relief may require consideration of the verdict (including any special-circumstance findings), *Banks* and *Clark* remain applicable for those purposes. Given that the jury was not instructed on the standards as articulated in *Banks* and *Clark*, and that no other finding by the jury renders appellant ineligible for relief as a matter of law, we cannot conclude that defendant is categorically precluded from relief at this preliminary prima facie step.[4]

Turning to the Attorney General's second contention, we may not assess the trial evidence to determine independently if appellant's conduct satisfied the *Banks* and *Clark* tests for major participation and reckless indifference to human life. The court's role at this stage "is simply to decide whether the

---

[4] The jury's finding that appellant personally used a firearm to commit the crime did not, on its own, establish that he was a major participant acting with reckless indifference to human life. (Cf. *People v. Offley* (2020) 48 Cal.App.5th 588, 597-598 [enhancement under section 12022.53, subd. (d), for *intentionally discharging* a firearm, "does not establish as a matter of law that a defendant acted with malice aforethought" and "is therefore insufficient on its own to justify denying a defendant's petition under section 1170.95 at the first stage of review"].) The Attorney General does not contend otherwise.

petitioner is ineligible for relief as a matter of law, *making all factual inferences in favor of the petitioner*." (*Verdugo, supra,* 44 Cal.App.5th at 329, rev.gr., italics added; see also *ibid.* [first prima facie stage "must also be different from the postbriefing prima facie showing . . . if only in the nature and extent of materials properly presented to the court in connection with the second prima facie step"].) Contrary to the Attorney General's suggestion, we cannot collapse the first prima facie step into the second.

Because it is possible that appellant was punished for conduct that is not prohibited by section 190.2 as construed under *Banks* and *Clark*, we conclude "that the [superior] court erred in ruling that the pre-*Banks* and *Clark* robbery-murder special circumstance finding[] preclude[s] [defendant] from relief as a matter of law." (*Torres, supra,* 46 Cal.App.5th at 1180, rev.gr.)

13

## DISPOSITION

The trial court's summary denial of appellant's petition is reversed, and the matter is remanded for further proceedings in accordance with section 1170.95.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.

14